Opinión disidente emitida por el
Juez Asociado Señor Rivera Pérez.
La opinión mayoritaria resuelve que un establecimiento comercial puede estar sujeto a una reclamación en daños y *170 perjuicios bajo el Art. 1802 del Código Civil(1) por suministrar bebidas alcohólicas a una persona que posteriormente causa daños al conducir un automóvil bajo la influencia del alcohol. Establece que la venta negligente de bebidas alcohólicas podría constituir la causa adecuada de un accidente ocasionado por conducir en estado de embriaguez. Concluye la Mayoría que le corresponde al juzgador de los hechos determinar sobre tal responsabilidad, según el cuadro fáctico de cada caso. Por entender que la acción de autos no cumple con los elementos que constituyen la causa de acción contenida en el Art. 1802 del Código Civil, supra, y que procede la desestimación sumaria de la reclamación contra El Patio de Sam, DISIENTO.
I
Las obligaciones originadas en culpa o negligencia tienen como base principal el Art. 1802 del Código Civil, supra. Este artículo lee de la forma siguiente:
El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. ■Lá imprudencia concurrente del peijudicado no exime de res- . ■ ponsabilidad, pero conlleva la reducción de la indemnización.
En numerosas ocasiones este Tribunal ha expresado que todo perjuicio, material o moral, conlleva reparación si concurren tres requisitos: (1) la presencia de un daño real; (2) que el daño haya surgido a raíz de un acto u omisión culposo o negligente, y (3) que exista un nexo causal entre el daño sufrido y el acto u omisión.(2)
La culpa o negligencia es la falta del debido cuidado. Consiste en no anticipar ni prever las consecuencias racionales de un acto o de su omisión, las cuales una persona *171 prudente y razonable habría previsto en las mismas circunstancias. (3)
Para que exista responsabilidad por un daño causado por la negligencia de otro, es necesario que entre éste y aquélla exista una relación causal.(4) En nuestra jurisdicción rige la doctrina de la causalidad adecuada. Esta doctrina establece que no es causa de responsabilidad toda condición sin la cual no se hubiera producido el daño, sino la que ordinariamente lo produce según la experiencia general.(5) Hemos expresado que:
[U]n daño podrá considerarse como el resultado probable y natural de un acto u omisión negligente, si luego del suceso —mirándolo retrospectivamente— éste parece ser la consecuencia razonable y común de la acción u omisión de que se trate. (Énfasis suprimido.)(6)
Un elemento esencial de la responsabilidad por culpa o negligencia es el factor de la previsibilidad. El deber de cuidado incluye tanto la obligación de anticipar como la de evitar la ocurrencia de daños, cuya probabilidad es razonablemente previsible.(7) No obstante, también hemos resuelto que esto no quiere decir que la persona esté obligada a prever todos los posibles riesgos que puedan concebirse en una determinada situación, pues el deber de previsión no se extiende a todo peligro imaginable que concebiblemente pueda amenazar la seguridad, sino a aquel que llevaría a una persona prudente a anticiparlo.(8) Si el deber de previsión se extendiese a todo peligro imaginable o a *172 todos los posibles riesgos, estaríamos hablando prácticamente de una responsabilidad absoluta.(9)
II
El Tribunal de Primera Instancia desestimó sumariamente la causa de acción de daños y perjuicios contra el restaurante-barra El Patio de Sam porque en nuestra jurisdicción no se ha reconocido que los negocios dedicados a la venta de bebidas alcohólicas tengan un deber jurídico hacia sus clientes de actuar con especial cuidado. Concluyó sobre la inexistencia de la causa de acción de autos lo siguiente:
... la pobre precisión de establecer dónde tuvo lugar la intoxicación con el licor, la asunción del riesgo que acarrea ingerir bebidas alcohólicas, el factor de la verdadera causalidad el cual consiste en tomarse el licor voluntariamente y no en suministrarlo y la onerosidad en que se traduce la imposición de la exigencias reclamadas por los demandantes a este tipo de negocios.(10)
El anterior Tribunal de Circuito de Apelaciones confirmó el dictamen del foro primario. Determinó que procedía, como cuestión de derecho, dictar sentencia sumaria a favor del demandado apelado —El Patio de Sam— por no estar en controversia que no existe en nuestro sistema de derecho o que no está reconocida una reclamación como la instada aquí.(11) Inconformes con tal decisión, los peticionarios acuden ante nos, alegando que el acto de venderle alcohol a una persona que ya se encuentra en un estado de intoxicación es la causa adecuada de una reclamación como la de autos. Añaden que, estando en controversia los hechos que establecen la previsibilidad y causalidad, respecto al deber de El Patio de Sam de anticipar que sus clientes *173 posiblemente tendrían que guiar un automóvil, procede que el caso se devuelva para verse en sus méritos y así determinar si procede la acción en contra de dicho negocio.
La opinión mayoritaria determina que ambos foros inferiores erraron al desestimar la reclamación en contra de El Patio de Sam, pues “claramente procede una causa de acción en daños y peijuicios bajo el Art. 1802 del Código Civil, supra, para responsabilizar a un establecimiento comercial por suministrar bebidas alcohólicas a una persona visiblemente intoxicada —quien posteriormente causa daños al conducir un automóvil bajo la influencia del alcohol— si se demuestra que dicho establecimiento actuó culposa o negligentemente y que existe un nexo causal entre la venta negligente de alcohol y el daño causado”. Opinión mayoritaria, pág. 161. Adoptó el concepto “visiblemente intoxicado”,(12) en cuanto a que para propósitos de precisar la responsabilidad civil de quien vendió la bebida, lo importante es determinar el estado de la persona al momento en que se, le sirvió. Además, señala que resulta altamente previsible para una empresa que se dedica a la venta de bebidas alcohólicas en Puerto Rico, que una persona que acuda a su negocio a consumir, conducirá un automóvil al salir del establecimiento.
III
Tal como mencionamos, para que se configure una acción bajo el Art. 1802 del Código Civil, supra, tiene que haber un daño real, un acto u omisión culposo o negligente y un nexo causal entre el daño y dicho acto u omisión. No hay duda de que la prueba de autos demuestra la presencia de un daño real, pero no coincidimos con la mayoría de que la actuación de El Patio de Sam, de venderle bebidas alcohólicas a Rafael Lugo Porrata Doria, podría ser una *174 acción culposa o negligente y ser la causa adecuada del accidente ocurrido. Rafael Lugo Porrata Doria acudió voluntariamente a jEl Patio de Sam, donde también, voluntariamente, ingirió bebidas alcohólicas. De forma irresponsable, decidió conducir su automóvil y participar en un regateo de automóviles con sus otros amigos, provocando un lamentable accidente. ¿Cuál es el acto culposo o negligente de El Patio de Sam? La doctrina sobre causalidad adecuada establece que la conducta que causa el daño no incluye toda condición sin la cual éste no se hubiera producido, sino la que ordinariamente lo produce según la ex-periencia general. Es harto conocido que el consumo de alcohol en exceso puede distorsionar los reflejos de una persona, provocando dificultad para conducir un vehículo de motor de manera efectiva y diligente. La persona que consume bebidas alcohólicas conoce que es previsible que sus facultades para conducir un automóvil se vean afectadas y que puede provocar un accidente y, así, daños a un tercero. Quien tiene que prever la ocurrencia de posibles daños es la persona quien voluntariamente acude a un negocio a ingerir bebidas alcohólicas, y no el establecimiento comercial que las vende. ¿Pretende la mayoría que el establecimiento esté pendiente de cuántas bebidas alcohólicas ingiere cada persona que acuda al lugar y que, a la vez, prevea que cada uno de ellos va a conducir? No podemos imponerle a los establecimientos dedicados a la venta de bebidas alcohólicas el deber de prever la situación y los riesgos que puede provocar cada persona que acuda allí y consuma alcohol.
A raíz de la determinación de la Mayoría, surgen interrogantes como las siguientes: ¿Qué sucedería cuando en el negocio hay doscientas personas y en los eventos donde acuden miles de personas, como por ejemplo juegos de “baseball”, en los cuales se venden cervezas y otros licores? ¿Qué sucedería cuando la persona que consumió bebidas alcohólicas y causó un accidente acudió a más de un esta *175 blecimiento a consumirlas? Imputarle al establecimiento la responsabilidad de prever un posible accidente implicaría que investigue cuáles consumidores conducirán un automóvil al salir del local, además de que tendría que llevar la cuenta del número de bebidas ingeridas por cada uno. Esto acarrea, además, otras situaciones que podrían ocasionar otro tipo de problemas jurídicos, como por ejemplo: ¿qué se supone que haga el encargado del negocio? ¿Evitar que el que ha ingerido varias bebidas alcohólicas y aparente estar ebrio, conduzca? ¿Cómo puede evitarlo? ¿Puede obligarle a no hacerlo?
Algunos estados de la Unión han reconocido la causa de acción, que hoy la Mayoría reconoce contra los establecimientos que se dedican a la venta de bebidas alcohólicas. Otros estados han sido persistentes en considerar que la causa próxima de estos accidentes es el consumo de alcohol y no su suministro. Concluir que el suministro, en vez del consumo de alcohol, puede constituir la causa adecuada de un accidente, implicaría imponer a otra persona la responsabilidad de las personas que voluntariamente ingieren alcohol, a sabiendas de que su exceso puede causar accidentes automovilísticos fatales.
Reconocemos que los accidentes automovilísticos causados por personas en estado de embriaguez ocurren constantemente y que muchas veces sus repercusiones son lamentables. No obstante, entendemos que imponer responsabilidad a los establecimientos comerciales que se dedican a la venta de bebidas alcohólicas, como medio para aliviar el problema social de conductores ebrios que provocan accidentes en las carreteras, es un acto de formulación de política pública. Le corresponde a la Rama Legislativa legislar a esos efectos. Los proyectos de ley existentes que persiguen este fin aún no se han aprobado. Concluimos que dentro de nuestro estado de derecho actual sobre responsabilidad civil extracontractual, no procede tal causa de acción.
*176 IV
La Regla 36 de Procedimiento Civil(13) provee cómo y en qué circunstancias se puede dictar una sentencia de forma sumaria. Podrá dictarse una sentencia sumaria cuando no exista una controversia real sobre los hechos materiales y esenciales del caso en cuestión.(14) Su utilización hace posible dictar sentencia, sin la necesidad de celebrar una vista en los méritos, cuando de los documentos no controvertidos que se acompañan en la solicitud y de la totalidad de la evidencia presentada en autos surge que no existen controversias de hecho de esa naturaleza, y lo que resta es aplicar el Derecho.(15)
Por lo tanto, concluimos que actuó correctamente el foro intermedio apelativo al confirmar la determinación del foro primario de dictar sentencia sumaria para desestimar la causa de acción en contra de El Patio de Sam, pues no existe ninguna controversia de hechos materiales sino una cuestión de estricto derecho; lo que procede es aplicarlo.
V
Por los fundamentos expuestos, entendemos que no pro-cede una reclamación bajo el Art. 1802, supra, contra El Patio de Sam, fundamentada en que el suministro de bebidas alcohólicas puede ser la causa adecuada de un accidente ocasionado por el manejo negligente de un automóvil bajo los efectos del alcohol. Confirmaríamos la sentencia recurrida.

 31 L.P.R.A. see. 5141.

 Santiago v. Sup. Grande, 166 D.P.R. 796 (2006); López v. Dr. Cañizares, 163 D.P.R. 119 (2004).

 Rivera v. S.L.G. Díaz, 165 D.P.R. 408 (2005); Toro Aponte v. E.L.A., 142 D.P.R. 464 (1997).

 Elba A.B.M. v. U.P.R., 125 D.P.R. 294 (1990).

 Santiago v. Sup. Grande, supra; Toro Aponte v. E.L.A., supra.

 Santiago v. Sup. Grande, supra, pág. 818. Véase Administrador v. ANR, 163 D.P.R. 48 (2004).

 Administrador v. ANR, supra; Elba A.B.M. v. U.P.R., supra.

 Elba A.B.M. v. U.P.R., supra; Pacheco v. A.F.F., 112 D.P.R. 296 (1982).

 Pacheco v. A.F.F., supra.

 Apéndice del Recurso de certiorari, págs. 35-36.

 íd., pág. 12.

 Este concepto fue desarrollado en el derecho común norteamericano para limitar el ámbito de responsabilidad en estos casos.

 32 L.P.R.A. Ap. III.

 Vera v. Dr. Bravo, 161 D.P.R. 308 (2004); Consejo Tit. C. Parkside v. MGIC Fin. Corp., 128 D.P.R. 538 (1991).

 García Rivera et al. v. Enríquez, 153 D.P.R. 323 (2001).